**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BELA (BILL) VIDOR,

          Plaintiff - Appellant,

  v.

AMERICAN INTERNATIONAL
GROUP, INC.; ROBERT "STEVE"
MILLER, Chairman of the Board of
Directors,

          Defendants - Appellees.

No. 11-16828

D.C. No. 3:11-cv-00315-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Bela (Bill) Vidor appeals pro se from the district court's judgment

dismissing his diversity action alleging state law and federal claims related to an

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

allegedly fraudulent stock transaction involving defendant American International Group, Inc. ("AIG"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and we affirm.

The district court properly dismissed Vidor's claims for fraud, negligent misrepresentation, and promissory estoppel because Vidor failed to allege one or more elements for a prima facie claim, and also failed to plead the circumstances surrounding the alleged fraud or misrepresentation with particularity. *See* Fed. R. Civ. P. 9(b); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008) (listing "very similar" elements of negligent misrepresentation and fraud under California law); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 445 & n.2 (9th Cir. 1992) (listing elements of promissory estoppel).

The district court properly dismissed Vidor's claims for breach of fiduciary duty and violation of the Trust Indenture Act, 15 U.S.C. §§ 77aaa *et seq*. (the "Act"), because the hybrid AIG securities that Vidor purchased did not create a fiduciary relationship and exempted the transaction from the Act. *See Shaffer v. Heitner*, 433 U.S. 186, 215 n.44 (1977) (law of the state of incorporation governs the liabilities of a corporation's officers or directors); *Simons v. Cogan*, 549 A.2d 300, 303-04 (Del. 1988) (under Delaware law, convertible debenture does not

make the investor a stockholder to whom a fiduciary duty lies); *see also* 15 U.S.C. § 77ddd(a)(2) (Act does not apply to "any certificate of interest or participation in two or more securities having substantially different rights and privileges").

Issues raised on appeal but not supported by argument, including with respect to the district court's denial of Vidor's motion for injunctive relief and dismissal with leave to amend of Vidor's original complaint, are deemed abandoned. *See Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 (9th Cir. 1993).

**AFFIRMED.**